■ CONNIE F. CATALDO, Respondent-Appellant, v NEW YORK STATE THRUWAY AUTHORITY, Appellant-Respondent. — In a negligence action to recover damages for personal injuries, defendant appeals from a judgment of the Court of Claims (Lengyel, J.), entered May 20, 1983, which is against it and in favor of the claimant in the principal sum of $2,125,000 and claimant cross-appeals, upon the ground of inadequacy, from so much of said judgment as set damages.

Judgment reversed, on the law, without costs or disbursements, and claim dismissed.

Claimant was seriously injured in an automobile accident on the straight, center section of the Tappan Zee Bridge when the vehicle in which she was traveling was struck by an oncoming automobile which had crossed the median. The instant claim is based on the theory that claimant's injuries are, in part, the result of the defendant's failure to erect median barriers on the central section of the bridge. The Court of Claims held that defendant was negligent in this respect and awarded damages to claimant.

There must be a reversal and the claim must be dismissed. Although claimant's accident occurred in 1973 rather than 1977, the facts upon which she seeks to base her claim that the New York State Thruway Authority was negligent are in all other aspects identical to those described in *Muller v State of New York* (108 AD2d 181). Because defendant's decision not to install median barriers was premised upon a reasonable public safety plan, it may not be held liable for claimant's injuries (*see, Muller v State of New York, supra; Weiss v Fote,* 7 NY2d 579). Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.